J-S71005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CALVIN MORRIS | : | |
| | : | |
| Appellant | : | No. 2593 EDA 2017 |

Appeal from the Judgment of Sentence July 7, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003804-2016

BEFORE:  PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.                    **FILED APRIL 10, 2019**

Calvin Morris appeals from the judgment of sentence entered on July 7, 2017 in the Philadelphia County Court of Common Pleas following his conviction of possession of a firearm while prohibited, and related offenses. On appeal, he challenges the sufficiency of the evidence to support his convictions. We affirm.

On March 31, 2016, Officer Loesch, a Philadelphia police officer, was on duty around 1600 North Bailey Street when he received a tip from Officer Rausch that a male in a blue Honda Accord was suspected to be armed with a firearm in the area. While traveling eastbound on Cecil B. Moore Avenue, Officer Loesch observed the vehicle, which was driven by a female operator. Morris was in the front passenger seat. Officer Loesch stopped the vehicle at the intersection of Bailey Street and Cecil B. Moore Avenue by pulling in front of it.

He then approached the passenger side of the vehicle as he had information that the male in the vehicle was armed. He immediately removed Morris from the vehicle. While exiting the vehicle, Morris's clothing shifted, and Officer Loesch observed the wooden handle of a firearm in Morris's right waistband. N.T., 4/28/2017, at 15-16.

The loaded firearm was recovered and Morris was arrested. At the time of his arrest, Morris did not possess a valid license to carry a firearm and was precluded from possessing a firearm due to a previous felony conviction. *Id.*, at 15-17, 29.

After a bench trial, the court found Morris guilty of carrying a firearm while prohibited, carrying a firearm without a license, and carrying a firearm in public in Philadelphia. On July 7, 2017, Morris was sentenced to four to eight years in prison for possession of a firearm, to be followed by two years' probation for carrying a firearm without a license. No further penalty was given for carrying a firearm in public.

In his sole issue raised on appeal, Morris asserts that the evidence was insufficient to sustain all charges because of alleged contradictions and inconsistencies in Officer Loesch's testimony. We find that Morris's reliance on *Commonwealth v. Karkaria*, 625 A.2d 1167 (Pa. 1993) to support his claim of insufficient evidence is misplaced, and further find his claim to be a challenge to the weight of the evidence.

While challenges based on inconsistent testimony generally implicate the weight of the evidence, our Supreme Court has made an exception to the

general rule that the finder of fact is the sole arbiter of the facts where the testimony is so inherently unreliable that a verdict based upon it could amount to no more than surmise or conjecture. ***Id.***, at 1170. Instantly, we do not agree that the verdict was based on conjecture or that the officer's testimony was so inherently unreliable as to render the verdict unsupportable.

In fact, the record does not support Morris's claimed inconsistencies in Officer Loesch's testimony at all. Contrary to what Morris claims, Officer Loesch did not testify that the vehicle was never searched. ***See*** N.T., 4/28/2017, at 17. Further, he did not testify that Morris was wearing a hoodie. He testified that he had no independent memory of what Morris was wearing and could only verify what was written in the biographical information sheet that was given to him to refresh his memory. ***See id.***, at 23-24.

Officer Loesch testified he found the firearm on Morris. ***See id.***, at 15. Morris claims the firearm was not recovered from him. Instead, he claims the firearm was found in the vehicle. He therefore argues there is no evidence to support the inference he constructively possessed the firearm.

Unlike the case in ***Karkaria,*** the testimony here was not so inconsistent as to be completely irreconcilable, and the finder of fact did not have to guess which version of the story to believe. The finder of fact was free to find the officer's testimony credible and to find Morris's self-serving testimony not credible. Accordingly, Morris's claim of insufficient evidence merits no relief.

Therefore, although Morris phrased this claim as a challenge to the sufficiency of the evidence, we find Morris's claim to be a challenge to the

weight of the evidence. Morris's argument focuses almost exclusively on his contention that Officer Loesch's testimony was contradictory and inconsistent. *See* Appellant's Brief, at 9. This is a challenge not to the *sufficiency* of the evidence, but to its *weight*. ***See Commonwealth v. Wilson***, 825 A.2d 710, 713-714 (Pa. Super. 2003) ("A sufficiency of the evidence review, however, does not include an assessment of the credibility of the testimony offered by the Commonwealth.")

A challenge to the weight of the evidence must, in the first instance, be presented to the trial court. ***See Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. Super. 2009). As Morris did not raise a challenge to the weight of the evidence in the trial court, any such claim is waived for purposes of this appeal. ***See Commonwealth v. Priest***, 18 A.3d 1235, 1239 (Pa. Super. 2011).

As we find Morris is not entitled to relief under either a sufficiency of the evidence claim, nor a weight of the evidence claim, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/19

- 4 -